UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KYLE S. JOHNSON, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 4:16-cv-01114-NCC <br> ) |
| NANCY A. BERRYHILL,[1] <br> **Acting Commissioner of Social Security** | ) <br> ) <br> ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Kyle S. Johnson ("Plaintiff") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* and 42 U.S.C. §§ 1381, *et seq.* Plaintiff has filed a brief in support of the Complaint (Doc. 19), Defendant has filed a brief in support of the Answer (Doc. 27), and Plaintiff has filed a Reply (Doc. 25). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 9).

## I. PROCEDURAL HISTORY

Plaintiff filed his applications for DIB and SSI on March 28, 2013 (Tr. 227, 230). Plaintiff was initially denied on June 14, 2013, and he filed a Request for Hearing before an Administrative Law Judge ("ALJ") on August 19, 2013 (Tr. 129-54, 164). After a hearing, by

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

decision dated February 26, 2015, the ALJ found Plaintiff not disabled (Tr. 10-29).  On May 11, 2016, the Appeals Council denied Plaintiff's request for review (Tr. 1-4).  As such, the ALJ's decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 4, 2011, the alleged onset date (Tr. 16).  The ALJ found Plaintiff has the severe impairments of a learning disability (in mathematics, reading, and written expression), attention deficit hyperactivity disorder (ADHD), impulse control disorder, and mood disorder, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (*Id.*).

After considering the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform a full range of work with the following non-exertional limitations (Tr. 18).  He is limited to simple, routine, and repetitive tasks (*Id.*).  He can have no more than occasional (that is, up to one-third of the work day) interactions with supervisors and coworkers and only incidental contact with the general public (*Id.*).  He is capable of working in proximity to others, but not on shared tasks (*Id.*).  His work should not be fast-paced or include production requirements, although he can meet productivity standards spread out over a full eight-hour workday (*Id.*).  He should not work shifts in excess of eight hours, and should be limited to jobs that have infrequent changes in the work setting or work routines with advance notice and preparation for any such changes (*Id.*).  The ALJ found Plaintiff has no past relevant work (Tr. 23).  The ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including marker/labeler, weigher, and racker (Tr. 24).

Thus, the ALJ concluded that a finding of "not disabled" was appropriate (Tr. 25). Plaintiff appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

### III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to

establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617. Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to

support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## IV. DISCUSSION

In his appeal of the Commissioner's decision, Plaintiff raises three issues. First, Plaintiff alleges the ALJ erred in weighing the medical opinion evidence of Sawfat Wahba, M.D., Plaintiff's treating psychiatrist (Doc. 19 at 7-10).[2] Second, Plaintiff asserts that the ALJ failed to include a specific limitation for Plaintiff's attendance difficulty in her RFC determination (*Id.* at

---

[2] The parties do not dispute that Dr. Wahba is Plaintiff's treating psychiatrist (Doc. 19 at 4; Doc. 27 at 9).

5

5-7). Third, Plaintiff alleges the ALJ relied on flawed vocational expert ("VE") testimony (*Id.* at 10-15). For the following reasons, the Court finds that Plaintiff's argument is without merit, and that the ALJ's decision is based on substantial evidence and is consistent with the Regulations and case law.

**A. RFC Determination**

Plaintiff alleges the ALJ erred in two ways in reaching her RFC determination: first, by improperly weighing the medical opinion of Dr. Wahba and, second, by failing to include a specific limitation for Plaintiff's attendance difficulty. The Regulations define RFC as "what [the claimant] can do" despite his "physical or mental limitations." 20 C.F.R. § 404.1545(a). "When determining whether a claimant can engage in substantial employment, an ALJ must consider the combination of the claimant's mental and physical impairments." *Lauer v. Apfel*, 245 F.3d 700, 703 (8th Cir. 2001). "The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, 'including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations.'" *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) (quoting *McKinney*, 228 F.3d at 863). *See also Myers v. Colvin*, 721 F.3d 521, 526 (8th Cir. 2013). To determine a claimant's RFC, the ALJ must move, analytically, from ascertaining the true extent of the claimant's impairments to determining the kind of work the claimant can still do despite his impairments. *Anderson v. Shalala*, 51 F.3d. 777, 779 (8th Cir. 1995). "Although it is the ALJ's responsibility to determine the claimant's RFC, the burden is on the claimant to establish his or her RFC." *Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016) (internal citations omitted).

## 1. Medical Opinion of Dr. Sawfat Wahba, M.D.

First, Plaintiff alleges the ALJ erred in assigning the medical opinion of Dr. Wahba "no weight" because she failed to consider the mandatory factors for weighing treating physician opinions that are not considered controlling (Doc. 19 at 7-10). *See* 20 C.F. R. §§ 404.1527(c), 416.927(c); *Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015). Indeed, "[a] treating physician's opinion regarding an applicant's impairment will be granted controlling weight, provided the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Reece v. Colvin*, 834 F.3d 904, 908-09 (8th Cir. 2016) (internal quotations omitted). "Although a treating physician's opinion is usually entitled to great weight, it 'do[es] not automatically control, since the record must be evaluated as a whole.'" *Id.* at 909 (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000)). "A treating physician's own inconsistency may undermine his opinion and diminish or eliminate the weight given his opinions." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015) (internal quotation marks omitted). Whether the ALJ gives the opinion of a treating physician great or little weight, the ALJ must "give good reasons" for doing so. *Prosch*, 201 F.3d at 1013 (citing 20 C.F.R. § 404.1527(d)(2)).

In a Mental Impairment Questionnaire dated November 24, 2014, Dr. Wahba opined Plaintiff has marked limitations[3] in activities of daily living and in concentration, persistence, or pace, and extreme limitation[4] in maintaining social functioning (Tr. 838). Specifically, Dr. Wahba indicated extreme limitations in Plaintiff's ability to: work in coordination with or

---

[3] "Marked means more than moderate but less than extreme. A marked limitation [may] arise when several activities or functions are impaired or even when only one is impaired, so long as the degree of limitation is such as to seriously interfere with the ability to function independently, appropriately, effectively, and on a sustained basis" (Tr. 838).

[4] While the form defines "marked," it does not define "extreme" (*See id.*).

proximity to others; complete a normal workday and workweek without interruptions from psychologically based symptoms; accept instructions and respond appropriately to criticism from supervisors; deal with stress of semiskilled and skilled work; maintain socially appropriate behavior; and travel in an unfamiliar place (Tr. 837-38). Dr. Wahba also indicated that Plaintiff's impairments would cause him to miss work more than four days per month, and that he would experience four or more repeated episodes of decompensation with a 12 month period (Tr. 838-39). Dr. Wahba noted that, since 2011, Plaintiff has made little improvement, and opined that future improvement "is possible, but not probable" (Tr. 835).

The Court finds that the ALJ gave proper weight to the opinion of Dr. Wahba. Although the ALJ did not address all of the non-controlling factors found in 20 C.F. R. §§ 404.1527(c), 416.927(c), the ALJ is not required to cite specifically to the regulations but need only clarify whether he discounted the opinions and why. *Kientzy v. Colvin*, No. 4:15 CV 707 JMB, 2016 WL 4011322, at *8 (E.D. Mo. July 27, 2016) (citing *Grable v. Colvin*, 770 F.3d 1196, 1201-02 (8th Cir. 2014)). Here, the ALJ found Dr. Wahba's opinion to be inconsistent with his own treatment notes and inconsistent with the record as a whole (Tr. 22-23). Though Dr. Wahba stated that Plaintiff would experience four or more repeated episodes of decompensation, the ALJ correctly points out that "[t]here is no evidence of any episodes of decompensation" (Tr. 23, 838). "A treating physician's own inconsistency may undermine his opinion and diminish or eliminate the weight given his opinions." *Milam*, 794 F.3d at 983 (internal quotations omitted).

The ALJ also discounted Dr. Wahba's opinion that Plaintiff has a marked limitation in his activities of daily living because Plaintiff testified to cleaning his apartment, preparing his own meals, playing video games, going to the library to use computers for social networking, and volunteering multiple days per week for three hours per day (Tr. 16-17). Indeed, Plaintiff

8

testified that he may spend his day going to the library, going on the internet, and doing a lot of volunteer work (Tr. 47-48). An ALJ may discount a treating physician's opinion when it is inconsistent with a plaintiff's activities of daily living. *Petty v. Colvin*, No. 4:13CV00172 JTK, 2014 WL 3734570, at *3 (E.D. Ark. July 28, 2014). *See also cf. Kroger v. Astrue*, No. CIV. 11-4012-KES, 2012 WL 5363479, at *2 (D.S.D. Oct. 30, 2012) (finding the ALJ inappropriately rejected the opinion of plaintiff's treating physician in part because the physician's opinion was consistent with plaintiff's activities of daily living).

Further, the ALJ disagreed with Dr. Wahba's opinion that Plaintiff has an extreme limitation in social functioning because the psychological consultative examiner and the state agency psychological consultant both opined that Plaintiff's issues can be accommodated by restricting him to occasional, superficial contact with others in the workplace (Tr. 17). An ALJ may properly rely on other opinion evidence when it is supported by the record. *Owen v. Astrue*, 551 F.3d 792, 801 (8th Cir. 2008).

Accordingly, the ALJ properly offered a sufficient basis to give the opinion "non-*substantial* weight" in addition to "[non-]*controlling* weight." *Milam*, 794 F.3d at 983; *Papesh*, 786 F.3d at 1132 (emphasis in original) (internal citations omitted) (finding error when the ALJ offered no basis to give an opinion non-substantial weight; "For example, the ALJ did not find the opinion inconsistent with the record or another [of the physician's own] opinion[s].").

**2. Attendance Difficulty**

Second, Plaintiff alleges the ALJ erred by failing to include a specific limitation for Plaintiff's attendance difficulty (Doc. 19 at 5-7). Specifically, Plaintiff argues that the attendance limitation should have been included in the RFC because Dr. Wahba opined Plaintiff

9

would be absent from work more than four days per month (*Id.* at 6). Plaintiff also asserts that the attendance difficulty should have been included in the hypothetical presented to the VE (*Id.*).

The Court finds that the ALJ properly determined Plaintiff's RFC. As discussed above, the ALJ properly gave no weight to the opinion of Dr. Wahba. Because the ALJ relied on Plaintiff's own testimony, the opinion of the medical expert, the opinion of the state agency psychological consultant, and the record as a whole, she properly discounted Dr. Wahba's opinion that Plaintiff would be absent from work more than four days per month. *Eberhart v. Colvin*, No 4:13CV940 CPD, 2014 WL 3956480, at *12 (E.D. Mo. Aug. 13, 2014) ("[The treating physician's] conclusory opinion regarding absenteeism is not entitled to great weight as it is inconsistent with his treatment notes and the other, uncontroverted objective medical evidence of record.") Plaintiff testified that he used to miss work because of his noncompliance with medication, but now he is "taking [the medication] regularly" and "it helps immensely" (Tr. 66). "A claimant's noncompliance can constitute evidence that is inconsistent with a treating physician's medical opinion and, therefore, can be considered in determining whether to give that opinion controlling weight." *Chaney v. Colvin*, 812 F.3d 672, 679 (8th Cir. 2016) (quoting *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010)). The medical expert, James Wargel, Ph.D., testified that Plaintiff would likely have difficulties with shifts that extended past eight hours but did not include a limitation for Plaintiff's attendance. *Hamilton v. Astrue*, 518 F.3d 607, 610 (8th Cir. 2008) ("The ALJ may discount or disregard [a treating physician's] opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions.") The state agency psychological consultant opined that Plaintiff can "perform tasks when medication compliant" (Tr. 135, 148). 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) (State agency medical consultants are highly qualified experts

in Social Security disability evaluation; therefore, ALJs must consider their findings as opinion evidence); *Kamann v. Colvin*, 721 F.3d 945, 951 (8th Cir. 2013) (State agency psychologist's opinion supported ALJ's finding that claimant could work despite his mental impairments). The ALJ also considered the record as whole, including Plaintiff's volunteering activities and his possession of a valid driver's license (Tr. 19-20). "[A] treating physician's opinion . . . 'do[es] not automatically control, since the record must be evaluated as a whole.'" *Reece*, 834 F.3d at 909. Further, the Court notes that the opinion evidence of Dr. Wahba was a checklist form. *Wildman*, 596 F.3d at 964 (quoting *Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001)) ("The checklist format, generality, and incompleteness of the assessments limit the assessments' evidentiary value.").

Therefore, the Courts finds that the ALJ properly determined Plaintiff's RFC because it was "based on all relevant evidence, including the medical records, observations of treating physicians and others, and [the Plaintiff's] own description of his limitations." *Moore*, 572 F.3d at 523 (quotation and citation omitted). Because the Court finds that the ALJ properly determined Plaintiff's RFC, including all credible limitations, Plaintiff's alleged attendance difficulty did not need to be included in the hypothetical presented to the VE. *Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir. 2012) (ALJ need only include in hypothetical to VE limitations which he finds credible).

**B. Basis for VE Testimony**

Plaintiff alleges the ALJ relied upon a VE opinion that lacked a basis (Doc. 19 at 10-15). Specifically, Plaintiff argues that because the VE testified to information beyond the Dictionary of Occupational Titles ("DOT"), the ALJ erred by not articulating whether the VE's explanation

11

for the testimony was "reasonable and provide[d] a basis" for relying on that testimony pursuant to Social Security Regulation 00-4p ("SSR 00-4p").

SSR 00-4p requires an ALJ who takes testimony from a vocational expert about the requirements of a particular job to determine whether that testimony is consistent with the DOT. SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). The ALJ must ask the VE if there is a conflict. *Id.* If there is an apparent conflict, the ALJ must then "elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." *Id.* at *2-*3. The ALJ must also explain in his decision how he resolved the conflict. *Id.* at *3. Accordingly, "an ALJ cannot rely on expert testimony that conflicts with the job classifications in the [DOT] unless there is evidence in the record to rebut those classifications." *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 979 (8th Cir. 2003) (citing *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997)).

The ALJ found that "[p]ursuant to SSR 00-4p, . . . the [VE]'s testimony is consistent with the information contained in the [DOT]" (Tr. 25). During the December 3, 2014 hearing, the ALJ presented a hypothetical and asked the VE if any past work could be performed (Tr. 111). The VE responded that Plaintiff's past work as an assembler and cashier could not be performed due to the fast-paced nature of the jobs, which "would not be consistent with the hypothetical" (Tr. 112). The VE then testified to jobs that Plaintiff could perform: marker/labeler (DOT occupational code 920.587-014), weigher (DOT occupational code 299.587-010), and racker (DOT occupational code 524.687-018) (Tr. 114-15). The ALJ asked several follow-up questions to clarify what these jobs required, and then determined that these jobs fit the hypothetical posed (Tr. 112-15). At the end of the ALJ's questioning of the VE, the ALJ asked the VE, "Are your job descriptions consistent with the DOT?" (Tr. 115). The VE responded in the affirmative (*Id.*).

The Court finds that the ALJ relied upon a proper VE opinion. Plaintiff correctly points out that if there is a conflict between the VE testimony and the DOT, the ALJ must elicit a reasonable explanation for the conflict. But no such conflict exists here, nor does it seem that Plaintiff argues there is a conflict (Doc. 19 at 11). Rather, Plaintiff argues that when the hypothetical presented to the VE is "composed of topics not covered by the DOT," then the "ALJ must articulate" why she relied upon that testimony (*Id.*). When substantial evidence supports the hypothetical and when there is no conflict between the VE's testimony and the DOT, the articulation requirement of SSR 00-4p does not apply. *Moore v. Astrue*, 623 F.3d 599, 605 (8th Cir. 2010) ("Because substantial evidence supports the ALJ's phrasing of the hypothetical to the vocational expert, and there was no conflict between the vocational expert's testimony and the DOT, the ALJ properly relied on the testimony."); *McCallister v. Astrue*, No. 4:15-CV-792 CAS, 2012 WL 4357878, at *9 (E.D. Mo. Sept. 24, 2012) ("There is no conflict here between the VE's testimony and the DOT, because the DOT is silent on the neck limitations for the job."). As noted above, the ALJ presented a proper hypothetical to the VE. Further, there is no conflict between the VE's testimony and the DOT. Therefore, the articulation requirement SSR-04p does not apply. *Moore*, 623 F.3d at 605. Moreover, the Court notes that "there is nothing in the record to suggest that the vocational expert ignored the limitations in the hypothetical." *Fleming v. Colvin*, No. 4:15-CV-1150-SPM, 2016 WL 4493683, at *10 (E.D. Mo. Aug. 26, 2016); *Moore*, 623 F.3d at 604; *see also Whitehouse v. Sullivan*, 949 F.2d 1005, 1006 (8th Cir. 1991) ("[T]he ALJ could properly assume that the expert framed his answers based on the factors the ALJ told him to take into account."). Additionally, as in *Moore* and *Fleming*, the VE expressly stated that there were no conflicts between the testimony and the occupational information in the DOT (Tr. 115). *Moore*, 623 F.3d at 604; *Fleming*, 2016 WL

13

4493683, at *10. As such, the court finds that the ALJ posed a proper hypothetical to the VE; that the ALJ properly relied on the VE's testimony that there was work existing in significant numbers which Plaintiff could perform; and that the ALJ's finding that Plaintiff is not disabled is based on substantial evidence and is consistent with the Regulations and case law.

## V. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 27th day of September, 2017.

        /s/ Noelle C. Collins
    NOELLE C. COLLINS
    UNITED STATES MAGISTRATE JUDGE